

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 29, 1992

Honorable George J. Filley, III
Criminal District Attorney
P. O. Box 488
Victoria, Texas 77902

Opinion No. DM-134

Re: Whether Victoria County may fund the office of election administrator by contracting with political subdivisions that will utilize that officer's services, pursuant to the Interlocal Cooperation Act   (RQ-299)

Dear Mr. Filley:

You state that the County of Victoria, Texas wishes to create the position of county elections administrator pursuant to the Election Code section 31.031. A discussion has ensued as to the funding of the administrator and the office. Rather than have the county provide the funding on the front end and charge those legal entities requiring elections on an ad hoc basis, the county desires that all of the legal entities be obligated from the beginning for their proportionate share of the funding.

You ask whether Victoria County, Texas may enter into an agreement to fund the office of Victoria County Elections Administrator on a continuing basis, with political subdivisions utilizing the elections administrator's services pursuant to the Interlocal Cooperation Act.

The Interlocal Cooperation Act, Government Code chapter 791, generally authorizes counties and other local governmental entities to contract among themselves for the performance of "a governmental function or service that each

party to the contract is authorized to perform individually." Gov't Code § 791.011(c)(2). The creation and funding of the office of elections administrator and the contracting by that officer to provide election services for other local governmental entities are, however, specifically provided for in chapter 31 of the Election Code, subchapters B and D respectively.

Where discrete statutes, such as those in the Election Code referred to above, make detailed provisions for a county's entering into specified kinds of contracts with other local governmental entities, we do not believe that the general contracting authority provided for in the Interlocal Cooperation Act relieves the county from conforming to the statutes making detailed provisions with respect thereto. It is our opinion, therefore, that contracts with other local governmental entities for election services to be provided by the elections administrator and the use of monies received therefrom must conform to the above-referenced parts of the Election Code, which specifically provide for such matters.

With respect to the use of monies received from election services contracts to fund the election administrator's office, we note, for example, that Election Code section 31.100 requires *inter alia* that such amounts be deposited in a separate elections services contract fund, that only actual expenses attributable to such contracts may be paid from such fund, that surplus funds in the account must be expended in conformity with regulations adopted by the secretary of state, and that *"the commissioners court may not consider the availability of the election services contract fund in adopting the county budget for the"* administrator's office. Elec. Code § 31.100(g) (emphasis added). Also, notably, sections 31.092 and 31.100 indicate that it would be the elections administrator, and not the commissioners court, who, would enter into election services contracts, and who, subject to the above-mentioned restrictions, would determine the uses to which the funds derived therefrom would be applied. On the other hand, the Election Code does appear to permit contracting for the performance of election services for more than one election. *See id* §§ 31.092(a) (election officer may contract with governing body of political subdivision to perform election services "in any one or more elections"), 31.092(b) (election officer may contract with the county executive committee for "the party's general primary election or runoff primary election, or both"). To that extent, contracts obligating the contracting entities for some period of time, rather than on an *"ad hoc"* basis, would be permitted under the Election Code provisions.

## SUMMARY

Notwithstanding the general contracting authority afforded counties by the Interlocal Cooperation Act, the making of election services contracts and the use of proceeds therefrom to fund the office of county elections administrator must conform to the chapter 31 Election Code provisions specifically applicable thereto.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General